IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00202-RM-3

UNITED STATES OF AMERICA,

        Plaintiff,

v.

3.    JASON LEE HENDERSON,

        Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT JASON LEE HENDERSON**
_____

COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Laura B. Hurd, pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, and moves this Court to enter a Preliminary Order of Forfeiture for a Personal Money Judgment in the amount of $399,452.00[1] against Defendant Jason Lee Henderson.

In support, the United States sets forth the following:

**I.    Procedural Background**

1.    On July 20, 2022, a Superseding Indictment was filed charging Jason Lee Henderson in Count One, with conspiracy to commit money laundering (concealment) in violation of 18 U.S.C. § 1956(h) and 1956(a)(1)(B)(i); and in Count Six, with money

---

[1] The property involved in the offense for purposes of forfeiture consists of the cash shipped and collected by defendant Henderson, without the associated shipping costs.

laundering (concealment) in violation of 18 U.S.C. §§ 1956(a)(1)(B) and 2.  (ECF Doc. 13 at 1-5).

2. The Superseding Indictment also sought forfeiture in the form of a personal money judgment against defendant Jason Lee Henderson, pursuant to 18 U.S.C. § 982(a)(1), in the amount of the value of the property involved in the offenses charged in Counts One and Six. (ECF Doc. 13 at 12).

3. On December 1, 2022, the United States and defendant Jason Lee Henderson entered into a Plea Agreement.  (ECF Doc. 79).  The Plea Agreement provided that defendant would plead guilty to Count One of the Superseding Indictment and agreed not to contest forfeiture.  (ECF Doc. 79 at 1, 4). The defendant also agreed to the entry of a preliminary order of forfeiture for a personal money judgment described above.  Specifically, the defendant agreed to forfeit to the United States a money judgment in the amount of proceeds obtained by the conspiracy.  The Plea Agreement provides an ample basis for an order of forfeiture pursuant to 18 U.S.C. § 982(a)(1).

**II. Argument**

4. Pursuant to 18 U.S.C. § 982(a)(1), the Court shall order criminal forfeiture of any property, real or personal, involved in 18 U.S.C. § 1956(h) and 1956(a)(1)(B)(i), or any property traceable to such property.

5. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable after a plea of guilty.  When a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay."  Fed. R. Crim. P. 32.2(b)(1)(A).  Once the property is determined to be subject to forfeiture, the Court

"must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment." Fed. R. Crim. P. 32.2(b)(2)(A).

6. It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

7. As set forth in the Plea Agreement, the evidence establishes that $399,452.00 in proceeds were involved in the commission of the offense in Count One for which defendant Jason Lee Henderson has pleaded guilty. Specifically, beginning in January 2020, defendant Jason Lee Henderson and co-defendants conspired to launder proceeds from a government official imposter scheme, wherein victims were contacted by phone and coerced into believing that they were under investigation by "agents" of the FBI, SSA, DHS, Treasury, or DEA. The victims were often told that their arrest and/or deportation from the United States had been ordered by law enforcement and was imminent, and that the only way to avoid arrest was to pay the "Government" large sums of money as instructed. The "agent" then convinced the victim to package the cash in a specific manner and ship the cash to an alleged government official via FedEx or USP. (ECF Doc. 79 at 8). Defendant Jason Lee Henderson then used fake identification to pick up packages containing U.S. currency. (ECF Doc. 79 at 10). The defendant agreed to purchase money orders and deposit these money orders into the bank accounts of others. (ECF Doc. 79 at 12). In total, the defendant picked up 19 packages mailed to Colorado. Those 19 packages contained $399,452.00 in property involved in the money laundering conspiracy. (ECF Doc. 98 at ¶ 68).

8. Accordingly, a forfeiture money judgment in the amount of $399,452.00, which represents the amount shipped and picked up in Colorado, or property involved in the offense, should be entered against the defendant pursuant to 18 U.S.C. § 982(a)(1).

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for a Personal Money Judgment tendered herewith, for the reasons set forth above.

DATED this 1st day of February 2023.

                                                    Respectfully submitted,

                                                    COLE FINEGAN
                                                    United States Attorney

By:   s/*Laura B. Hurd*
       Laura B. Hurd
       Assistant U.S. Attorney
       U.S. Attorney's Office
       1801 California Street, Ste. 1600
       Denver, Colorado 80202
       Telephone: (303) 454-0100
       E-mail: laura.hurd@usdoj.gov
       *Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

                                                   s/ *Jody Gladura*
                                                   FSA Federal Paralegal
                                                   Office of the U.S. Attorney